

**Filed**

Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

**PEOPLE OF GUAM,**
Plaintiff-Appellant,

**v.**

**GERALD WAYNE CRUZ II aka Gerard Wayne Cruz II,**
Defendant-Appellee.

Supreme Court Case No. CRA19-013
Superior Court Case No. CF0619-18

## OPINION

**Cite as: 2021 Guam 10**

Appeal from the Superior Court of Guam
Argued and submitted on December 1, 2020
Via Zoom video conference

Appearing for Plaintiff-Appellant:
Leevin T. Camacho, *Esq.* (briefed)
Attorney General of Guam
Stephanie E. Mendiola, *Esq.* (argued)
Deputy Attorney General
Office of the Attorney General
590 S. Marine Corps Dr., Ste. 901
Tamuning, GU 96913

Appearing for Defendant-Appellee:
William C. Bischoff, *Esq.*
Assistant Public Defender
Public Defender Service Corporation
779 Rte. 4
Sinajana, GU 96910



**E-Received**
9/7/2021 11:07:27 AM

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; ROBERT J. TORRES, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**TORRES, J.:**

**[1]** Plaintiff-Appellant People of Guam ("People") appeal the Superior Court of Guam's decision and order granting Defendant-Appellee Gerald Wayne Cruz II's motion to dismiss the felony animal abuse/cruelty charges contained in the Second Superseding Indictment. The Second Superseding Indictment had charged Cruz with two counts of Animal Cruelty (as a Third Degree Felony) for allegedly causing "serious physical injury to an animal, or tortur[ing] an animal" under 9 GCA § 70.10.1(a)(1) (added by Guam Pub. L. 31-005:5 (Mar. 9, 2011)). For the reasons below, we reverse the dismissal and remand for further proceedings not inconsistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**[2]** In 2018, Cruz was initially indicted on five counts of Animal Cruelty (as a Third Degree Felony) under 9 GCA § 70.10.1(a)(1),[1] which, at the time, provided:

> (a) A person commits the crime of animal abuse in the first degree if the person intentionally, knowingly or recklessly, except as otherwise authorized by law:
>
> > (1) causes serious physical injury to the animal(s), cruelty [sic] causes the death of the death of the animal(s) or tortures the animal(s) . . . .

9 GCA § 70.10.1(a)(1). Counts One, Three, Four, and Five of the First Charge in the indictment related to the deaths of several dogs allegedly caused by Cruz; Count Two related to the death of a cat. All counts were accompanied by special allegations for Possession or Use of a Deadly Weapon in the Commission of a Felony, specifically, a firearm. Cruz was also charged with Unsworn Falsification (as a Misdemeanor).

---

[1] Title 9 GCA § 70.10.1(a)(1) has since been amended under the Protecting Animal Welfare and Safety ("PAWS") Act, also known as Pugua's Law. *See* Guam Pub. L. 35-144 (Jan. 22, 2021). The amendments to the statute do not affect our analysis and operate prospectively.

**[3]**     Citing the lack of specific facts to support the allegation that he cruelly caused the death of the animals or tortured the animals, Cruz moved to dismiss the indictment, or in the alternative, to have the Animal Cruelty charges reduced to misdemeanor offenses under 9 GCA § 70.10(a)(3).[2] The People did not respond and instead filed a Superseding Indictment that contained two counts of Animal Cruelty; the first alleged that Cruz "intentionally, knowingly or recklessly cause[d] serious physical injury to the animals, cruelly caused the death of the animals or tortured the animals, to wit: *by shooting a dog named Pugua*"; the second alleged the same but in relation to a cat.   Record on Appeal ("RA"), tab 22 at 1-3 (Superseding Indictment, Dec. 13, 2018).   The Superseding Indictment also included special allegations for Possession or Use of a Deadly Weapon in the Commission of a Felony for each of the Animal Cruelty counts, and a charge of Unsworn Falsification (as a Misdemeanor).

**[4]**     Following the Superseding Indictment, Cruz again moved for dismissal and repeated the argument that the indictment failed to allege any facts that he cruelly caused the death of the animals or tortured the animals.   The trial court granted Cruz's motion and determined that the indictment offered "no facts that either the cat or dog suffered before dying or that [Cruz] intended that they suffer," or that he "intentionally inflicted mental or physical suffering on the animals, as required by the Black's Law definition of cruelty."   RA, tab 33 at 4-5 (Dec. & Order, Feb. 11, 2019).

**[5]**     In response to the trial court's decision, the People filed a Second Superseding Indictment charging Cruz with two counts of Animal Cruelty (as a Third Degree Felony), which no longer alleged that Cruz cruelly caused the death of the animals; instead, the indictment alleged that Cruz

---

[2] At the time, section 70.10(a)(3) provided: "A person commits the crime of animal abuse in the second degree if the person intentionally, knowingly or recklessly . . . kills, impounds or injures any animal belonging to another without legal authority or consent of the owner."  9 GCA § 70.10(a)(3) (added by Guam Pub. L. 31-005:4 (Mar. 9, 2011)).

tortured or caused the animals "serious physical injury" by shooting them with a firearm. RA, tab 48 at 1-2 (Second Superseding Indictment, July 1, 2019). Each count was accompanied by special allegations for Possession or Use of a Deadly Weapon in the Commission of a Felony. The Second Superseding Indictment also contained charges for Possession of an Unregistered Firearm (as a Third Degree Felony) (three counts) and Unsworn Falsification (as a Misdemeanor).

[6]      Cruz thereafter filed another motion to dismiss, arguing the People were asserting a "counterintuitive and conscience-shockingly arbitrary and capricious" reading of 9 GCA § 70.10.1(a)(1) by charging him with felony Animal Cruelty for causing "serious physical injury to an animal," even if the animals had died with no allegation of cruelty. RA, tab 58 at 2 (Mot. Dismiss Second Superseding Indictment, July 25, 2019). The trial court granted Cruz's motion, stating that "[t]he People's interpretation of the Animal Cruelty statute is misplaced" and holding that "the 'serious physical injury' theory of felony Animal Abuse is only applicable in cases where the animal survives its injuries." RA, tab 69 at 3 (Dec. & Order, Sept. 4, 2019). Because the animals alleged to have been harmed in the Second Superseding Indictment died, the trial court reasoned that Cruz had been improperly charged under section 70.10.1(a)(1) and dismissed both counts of Animal Cruelty (as a Third Degree Felony) without prejudice. Following dismissal of the Animal Cruelty offenses, the People timely appealed.

## II. JURISDICTION

[7]      We have jurisdiction over the review of a decision, judgment, or order of a trial court dismissing an indictment. 48 U.S.C.A. § 1493(a) (Westlaw through Pub. L. 117-38 (2021)); 8 GCA § 130.20(a)(5) (2005); *see also People v. Rios*, 2008 Guam 22 ¶ 28 (holding the People may appeal a decision dismissing one or more counts of an indictment).

### III. STANDARD OF REVIEW

**[8]**     Questions of statutory interpretation are reviewed *de novo*. *See People v. Robert*, 2019 Guam 2 ¶ 5 (citing *People v. Diaz*, 2007 Guam 3 ¶ 55).

### IV. ANALYSIS

**[9]**     The sole issue on appeal concerns whether the People are prohibited from prosecuting a defendant for causing "serious physical injury" to an animal under 9 GCA § 70.10.1(a)(1), a felony, if the animal ultimately dies because of its injuries.  Cruz argues the People are precluded from prosecuting a defendant under these circumstances because the animal abuse/cruelty statute imposes the following statutory framework: "a felony one for intending to cause an animal suffering when seriously injuring it, and a misdemeanor one [under 9 GCA § 70.10(a)(3)] for intending to kill [an animal] as quickly as possible, without any more suffering than may be inevitable."  Appellee's Br. at 5-6 (Feb. 17, 2020).

**[10]**     The trial court likewise held that the Guam Legislature "intended to create two frameworks for punishing animal abuse; one for cases where the animal dies and another for cases where the animal survives."  RA, tab 69 at 4 (Dec. & Order, Sept. 4, 2019).  Under this interpretation, the trial court reasoned "the 'serious physical injury' theory of felony animal abuse is only applicable in cases where the animal survives its injuries.'"  *Id.* at 3.  In cases that result in death, the trial court listed two courses of action for the prosecution: "either seek a misdemeanor charge based on the killing alone [under 9 GCA § 70.10(a)(3)] or . . . seek a felony charge in cases where the animal was *cruelly* killed or tortured."  *Id.*.

**[11]**     The People do not read a death limitation into the statutory framework.  Appellant's Br. at 9, 12-13 (Jan. 22, 2020).  Rather, the People argue the plain language of 9 GCA § 70.10.1(a)(1) makes it a crime to cause serious physical injury to an animal, regardless of the animal's ultimate

fate. *Id.* We agree with the People and hold that the plain meaning of section 70.10.1(a)(1)[3] makes it a felony to cause serious physical injury to an animal whether or not the animal dies because of its injuries.

**[12]** This court has a duty "to interpret statutes in light of their terms and legislative intent." *People v. Angoco*, 2007 Guam 1 ¶ 49 (quoting *People v. Flores*, 2004 Guam 18 ¶ 8). However, "[i]t is a cardinal rule of statutory construction that courts must look first to the language of the statute itself. Absent clear legislative intent to the contrary, the plain meaning prevails." *Sumitomo Constr., Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17 (citations omitted); *see also Angoco*, 2007 Guam 1 ¶ 49 ("The plain meaning of the statute 'prevails,' where there is no 'clear legislative intent to the contrary.'" (quoting *Flores*, 2004 Guam 18 ¶ 8)). "If a statute is unambiguous, then the judicial inquiry into the meaning of the statute is complete." *People v. Lau*, 2007 Guam 4 ¶ 14 (citing *People v. Quichocho*, 1997 Guam 13 ¶ 5); *see also Carcieri v. Salazar*, 555 U.S. 379, 387 (2009) ("If [the statute] is [plain and unambiguous], we must apply the statute according to its terms." (citations omitted)). The plain meaning of statutory language "need not be followed where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." *Sumitomo Constr.*, 2001 Guam 23 ¶ 17 (quoting *Bowlby v. Nelson*, DCA No. 83–0096A, S.C. No. 69-83, 1985 WL 56583, at *2 (D. Guam App. Div. Sept. 5, 1985)).

**[13]** In the Second Superseding Indictment, Cruz was charged with two counts of felony animal abuse/cruelty under former section 70.10.1(a)(1), which provided:

> (a) A person commits the crime of animal abuse in the first degree if the person intentionally, knowingly or recklessly, except as otherwise authorized by law:

---

[3] Though we recognize that section 70.10.1(a)(1) and its related provisions has since been amended pursuant to the PAWS Act, we interpret the law as it existed at the time the Second Superseding Indictment was filed against Cruz. *See Benavente v. Taitano*, 2006 Guam 16 ¶ 52 n.7 (recognizing statutory changes but interpreting law as it existed when dispute arose); *Agana Beach Condo. Homeowners' Ass'n v. Untalan*, 2015 Guam 35 ¶ 14 (same).

> (1) causes serious physical injury to the animal(s), cruelty [sic]
> causes the death of the death of the animal(s) or tortures the animal(s) . . . .

9 GCA § 70.10.1(a)(1).[4] The term "serious physical injury" as used in the statute is further defined as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, impairment of health or impairment to the function of a limb or bodily organ." *Id.* § 70.01(h) (added by P.L. 31-005:3). Neither party raises any ambiguity with this language, and we find the language clear and unambiguous that section 70.10.1(a)(1) criminalizes whenever a person causes "serious physical injury," as defined, to an animal.

[14] Rather than raising any ambiguity in section 70.10.1(a)(1), Cruz instead argues that the animal cruelty/abuse statutes impose a framework whereby the death of an animal following an injury inflicted by a person is the distinguishing characteristic for whether that person can be charged as a felony under section 70.10.1(a)(1) or as a misdemeanor under section 70.10(a)(3). Cruz suggests that when a person kills an animal "as quickly as possible," a felony charge under section 70.10.1(a)(1) is inapplicable. Appellee's Br. at 5-6. We reject this argument for two reasons: first, the plain meaning of section 70.10.1(a)(1) imposes no such limiting language, and second, there is no clear legislative intent that would make this section inapplicable if an animal dies because of its injuries.

[15] In arguing the statutory scheme envisions two frameworks for punishing animal cruelty/abuse, "one for cases where the animal is meant to die quickly, and another for cases where the animal is meant to survive and suffer," Cruz attempts to have the court read into section 70.10.1(a)(1) a limitation that does not exist. Appellee's Br. at 4. The definition for what constitutes "serious physical injury" for felony animal abuse/cruelty does not state that the death

---

[4] Cruz was not charged in the Second Superseding Indictment with cruelly causing the death of any animal.

of an animal that results from the creation of a substantial risk of death precludes a charge for causing the serious physical injury. Similarly, the text of section 70.10.1(a)(1) contains no limiting language suggesting that death which results from an act that creates a substantial risk of death, or that causes protracted disfigurement, impairment of health or impairment to the function of a limb or bodily organ, makes the provision inapplicable. To impose such a requirement would be to "depart from the plain language of [the] statute by reading into it exceptions, limitations or conditions that the legislature did not express." *Kunkel v. Walton*, 689 N.E.2d 1047, 1054 (Ill. 1997). Therefore, in a case such as this—where a fact-finder must establish beyond a reasonable doubt that a person caused serious physical injury to an animal that has died from its injuries—the People may prosecute a defendant for violating section 70.10.1(a)(1).

[16]    Cruz further argues an absurdity would result because, were the court to adopt the People's interpretation of section 70.10.1(a)(1), "whenever an animal is killed, without cruelty . . . the felony 'serious physical injury' charge would *always* apply." Appellee's Br. at 7. He suggests, as the trial court also determined, that such an interpretation would effectively render section 70.10(a)(3) inapplicable. *Id.*; *see also* RA, tab 69 at 3 (Dec. & Order, Sept. 4, 2019). We reject this interpretation because even when section 70.10.1(a)(1) is read with section 70.10(a)(3), there is no modifying language to suggest that killing an animal in the latter provision was intended to encapsulate all cases that result from the death of an animal. An absurdity would result were the court to adopt Cruz's reasoning that the "serious physical injury" theory of felony animal abuse/cruelty applies only when the animal survives its injuries. *See* Appellee's Br. at 5-7. Under this interpretation, a person could use any weapon to intentionally kill an animal, quickly, to escape prosecution on a felony offense for causing serious physical injury. Such a scenario is illogical, as it would treat inflicting serious physical injury to an animal, which causes death, as a less serious

offense than merely causing "serious physical injury"—meaning a person who kills an animal under those circumstances would be charged only with a misdemeanor, but a person who causes "serious physical injury" would be charged with a felony. This is not what the animal abuse/cruelty statutes demand given the varying degrees for criminalizing the conduct embedded therein.

[17]     Nor is it what the Legislature intended in creating the statutory framework. The legislative intent supports the plain meaning of section 70.10.1(a)(1) that the act of causing "serious physical injury" to an animal, whether or not the animal dies, constitutes a felony offense. Guam Public Law 31-005, codified as 9 GCA § 70.10 *et seq.*, included legislative intent:

> **Section 1: Legislative Findings and Intent.** *I Liheslaturan Guåhan* finds that the existing laws pertaining to animal care and cruelty are antiquated. Current statutes provide little deterrence for persons that inflict physical and serious injury upon animals through negligent and intentional acts of cruelty. . . . Members of the island community . . . have seen firsthand instances where animals have suffered a cruel death from starvation, thirst, or were injured or killed through deliberate acts of cruelty.
>
> It is the intent of *I Liheslaturan Guåhan* to strengthen punishments against perpetrators and address persons whose actions fall outside legitimate and legally sanctioned conduct, and who intentionally, negligently, or with criminal negligence inflict harm on animals for no valid societal or legally sanctioned reason . . . .

P.L. 31-005:1. The Legislature carried out its intent to strengthen punishments for animal abuse/cruelty by creating two degrees of animal abuse: second degree animal abuse—a misdemeanor—which included causing "physical injury" to an animal; and first degree animal abuse—a third degree felony—which included causing "serious physical injury" to an animal. P.L. 31-005:4-5; *see also* 9 GCA § 70.10 *et seq.* In creating the distinction, the Legislature separately defined "physical injury" and "serious physical injury" as the terms pertained to animal abuse. P.L. 31-005:3; *see also* 9 GCA § 70.01(f), (h). This statutory framework indicates that the Legislature intended to make it a felony offense to cause serious physical injury to an animal, and

to punish that crime more severely by augmenting "deterrence for persons that inflict physical and serious injury upon animals." P.L. 31-005:1. As there is no clear legislative intent that would make section 70.10.1(a)(1) inapplicable if an animal dies because of "serious physical injury," the People are not precluded from prosecuting a defendant for causing "serious physical injury" to an animal if the animal ultimately dies because of such injuries.

[18]     Finally, we briefly address Cruz's suggestion that, based on the allegations in the Second Superseding Indictment, the People could not charge him with killing an animal that does not belong to him under section 70.10(a)(3) and with causing "serious physical injury" to such animal under section 70.10.1(a)(1). Appellee's Br. at 10-12. Cruz rests his arguments on the theory that of the two offenses, one would be a lesser-included offense of the other. *Id.* Such a determination, however, is a different inquiry, and Guam law expressly provides that "[w]hen the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense." 9 GCA § 1.22 (2005). We have held that "a defendant may be prosecuted for multiple offenses arising from the same conduct if the conduct establishes the commission of more than one offense." *People v. Aguirre*, 2004 Guam 21 ¶ 18 (citing *People v. Reyes*, 1998 Guam 32); *see also People v. Afaisen*, 2016 Guam 31 ¶ 52. Thus, at the onset of a criminal case, the People may elect to prosecute a defendant under section 70.10.1(a)(1) or section 70.10(a)(3), or both, if the circumstances permit. Whether that same defendant can be convicted and/or sentenced for both offenses is a question we need not answer in this appeal.

## V. CONCLUSION

[19]     We hold that the plain meaning of 9 GCA § 70.10.1(a)(1) makes it a felony to cause serious physical injury to an animal even if the animal dies as a result of such injuries. We **REVERSE**

the dismissal of the felony animal abuse/cruelty charges contained in the Second Superseding

Indictment and remand for further proceedings not inconsistent with this opinion.


|                    /s/                    |                    /s/                    |
| :---------------------------------------: | :---------------------------------------: |
|           F. PHILIP CARBULLIDO            |            ROBERT J. TORRES               |
|               Chief Justice               |            Associate Justice              |

**MARAMAN, J., dissenting:**

[20]    I disagree with the majority's conclusion that the plain meaning of section 70.10.1(a)(1) includes no limiting language that creates a distinction over whether a person can be charged with felony animal abuse when the animal dies as a result of serious physical injury.  Accordingly, the majority holds that it is a felony to cause serious physical injury to an animal under section 70.10.1(a)(1) even if the animal dies as a result of its injuries.

[21]    I agree with the trial court's conclusion as to section 70.10.1(a)(1), that is, the animal abuse statutes created two frameworks for punishing animal abuse: one for cases where the animal dies and another for instances when the animal survives.  In so doing, the "serious physical injury" theory of felony animal abuse is applicable only in cases where the animal survives its injuries.  If serious physical injury results in death, the prosecution may either seek a misdemeanor charge based on the death alone under section 70.10(a)(3) or a felony charge for instances when the animal was cruelly killed or tortured.

[22]    Because I believe that section 70.10.1(a)(1) is inapplicable in instances where an animal dies as a result of serious physical injury, I would affirm the trial court's decision and order granting Cruz's motion to dismiss the felony animal abuse/cruelty charges contained in the Second Superseding Indictment.

|  |
|---|
| /s/ |
| KATHERINE A. MARAMAN |
| Associate Justice |