
# IN THE SUPREME COURT OF GUAM

## JOAQUIN V. LEON-GUERRERO,
### Individually and as a Taxpayer,
Plaintiff-Appellant,

**v.**

## GOVERNMENT OF GUAM, GUAM DEPARTMENT OF ADMINISTRATION, and EDWARD BIRN, in his capacity as its Director,
Defendants-Appellees.

Supreme Court Case No.: CVA20-008
Superior Court Case No.: CV1019-19

## OPINION

## Cite as: 2022 Guam 5

Appeal from the Superior Court of Guam
Argued and submitted on July 1, 2021
Via Zoom video conference

Appearing for Plaintiff-Appellant:
Braddock J. Huesman, *Esq.*
Deborah E. Fisher, *Esq.*
Fisher Huesman P.C.
Core Pacific Bldg.
545 Chalan San Antonio, Ste. 302
Tamuning, GU 96913

Appearing for Defendants-Appellees:
Jordan Lawrence Pauluhn, *Esq.*
Assistant Attorney General
Office of the Attorney General
Litigation Division
590 S. Marine Corps Dr., Ste. 802
Tamuning, GU 96913

**E-Received**
7/6/2022 9:24:35 AM

BEFORE: ROBERT J. TORRES, Presiding Justice; KATHERINE A. MARAMAN, Associate Justice; and JOHN A. MANGLONA, Justice *Pro Tempore*.

**TORRES, J.:**

[1]      Plaintiff-Appellant Joaquin V. Leon-Guerrero appeals the Superior Court of Guam's dismissal and denial of his complaint challenging the legality of actions taken by Defendants-Appellees Government of Guam, Department of Administration, and Edward Birn, in his official capacity as its Director, in issuing a request for proposal for group health and dental insurance for the Government's employees (the "Proposal") that included the new requirements mandated by Guam Public Law ("P.L.") 35-002.  Leon-Guerrero filed his Verified Complaint for Injunctive and Declaratory Relief ("Complaint") under the Enforcement of Proper Government Spending Act ("Taxpayer Statute") (codified at 5 GCA § 7101 *et seq.* (2005)), alleging that P.L. 35-002 was an illegal delegation of Guam's sovereign power which caused an illegal expenditure by the Government.  The Taxpayer Statute allows an individual taxpayer to enjoin illegal government spending and obtain a personal judgment.  In his Complaint, Leon-Guerrero sought a preliminary injunction to stop the Proposal from being awarded until the Superior Court ruled on the organicity of P.L. 35-002.  In a decision and order later reduced to a judgment, the Superior Court granted the Government's motion to dismiss Leon-Guerrero's Complaint, holding that Leon-Guerrero lacked standing to bring the action due to his lack of concrete injury.  For the reasons below, we affirm the judgment of the trial court, but on different grounds.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[2]      In March 2019, P.L. 35-002 was signed into law.  Guam Pub. L. 35-002 (Mar. 7, 2019) (codified at 4 GCA § 4302(c)(12)).  Public Law 35-002 amended the required qualifications of those health insurance providers who sought to bid on the Government's request for proposals to

provide group health insurance to Government of Guam employees. Specifically, P.L. 35-002 restricted consideration and acceptance to only those proposals by providers whose in-network coverage included all private and public hospitals operating in Guam. *See id.* Previously, there had been no such requirement. The new restrictions were to go into effect beginning with negotiations for the fiscal year of 2020. *Id.* In April 2019, the Department of Administration issued a request seeking proposals for group health and dental insurance for Government of Guam employees.

[3] In August 2019, Joaquin V. Leon-Guerrero filed his Complaint in the Superior Court of Guam, challenging the organicity of P.L. 35-002. To claim the threshold jurisdictional issue of standing, Leon-Guerrero relied on, *inter alia*, the Taxpayer Statute. *See Guam Mem'l Hosp. Auth. v. Superior Court*, 2012 Guam 17 ¶ 8; *Taitano v. Lujan*, 2005 Guam 26 ¶ 15 ("If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim."). In the Complaint, Leon-Guerrero asserted that P.L. 35-002 allowed Guam Regional Medical City ("GRMC"), Guam's private hospital, to gain an unfair advantage in negotiations with insurance providers who had to contract with GRMC for coverage to meet the requirements to bid on the Proposal. Leon-Guerrero alleged two causes of action. For his first cause of action, Leon-Guerrero alleged that the Guam Legislature had illegally delegated its own regulatory powers to procure health insurance for the employees of the Government of Guam, and this act would "drive up the cost of healthcare services to the Government, and Guam taxpayers." Record on Appeal ("RA"), tab 1 at 14-15 (V. Compl. Inj. & Decl. Relief, Aug. 20, 2019). Further, Leon-Guerrero claimed that an illegal expenditure would occur if P.L. 35-002 was not voided. Leon-Guerrero therefore sought a "judicial determination and declaration" that P.L. 35-002 was inorganic and void as well as an injunction halting administration of the Proposal until P.L. 35-002 was "clarified to provide

a fair bidding process." *Id.* at 16. In his second cause of action, Leon-Guerrero alleged that P.L. 35-002 allowed GRMC to engage in anticompetitive conduct which would increase the costs of a winning bid under the Proposal and also "lead to an improper expenditure of government funds." *Id.* at 17. For this cause of action, Leon-Guerrero also sought a judicial determination and declaration that P.L. 35-002 was inorganic and void, and an injunction of the administration of the Proposal.

[4] Relying on Article III of the United States Constitution and this court's precedent requiring constitutional standing, the trial court required Leon-Guerrero to demonstrate he suffered a concrete "injury in fact." RA, tab 31 at 3-6 (Dec. & Order, Mar. 4, 2020). Further, the trial court recognized that although "statutory standing" can exist where the legislature elevates an abstract injury to qualify as concrete, the "'legislature's role in identifying and elevating intangible harms'" by statute does not automatically grant the plaintiff sufficient standing. *Id.* at 3-4 (quoting *In re A.B. Won Pat Int'l Airport Auth.*, 2019 Guam 6 ¶ 20). In other words, Leon-Guerrero's position as a taxpayer alone was not sufficient to grant him constitutional standing described in *In re A.B. Won Pat International Airport Authority*, 2019 Guam 6, required for all causes of action. *Id.* at 6. The trial court determined that Leon-Guerrero had not established that he suffered a concrete injury by the passing or implementation of P.L. 35-002 and dismissed his action for lack of constitutional standing. *Id.* at 6-7. Leon-Guerrero timely appealed. Following oral arguments, this court ordered supplemental briefing regarding the minimal standing requirement.[1]

//

//

---

[1] Ultimately, this court need not decide whether its jurisdiction under 7 GCA § 3107(a) is a source of the minimum standing requirement as outlined in *In re A.B. Won Pat International Airport Authority*, 2019 Guam 6, and briefed by the parties, because Leon-Guerrero's causes of action were inappropriate.

## II. JURISDICTION

**[5]**    This court has jurisdiction over an appeal from a final judgment of the Superior Court. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-159 (2022)); 7 GCA §§ 3107, 3108(a) (2005).

## III. STANDARD OF REVIEW

**[6]**    "We review both questions of standing and statutory interpretation *de novo*." *In re A.B. Won Pat*, 2019 Guam 6 ¶ 14 (citing *Ada v. Guam Tel. Auth.*, 1999 Guam 10 ¶ 10; *Benavente v. Taitano*, 2006 Guam 15 ¶ 10.). "A trial court's decision to grant a motion to dismiss for lack of subject matter jurisdiction is also reviewed *de novo*." *Linsangan v. Gov't of Guam*, 2020 Guam 27 ¶ 11, *cert. denied*, 141 S. Ct. 2672 (2021).

## IV. ANALYSIS

**[7]**    This appeal concerns the dismissal of Leon-Guerrero's taxpayer action, brought under the Taxpayer Statute, for lack of standing. The trial court dismissed Leon-Guerrero's Complaint, finding he had not established that he had suffered a concrete injury by the passing or implementation of P.L 35-002.[2] The trial court reasoned that Leon-Guerrero's position as a taxpayer under the Taxpayer Statute was insufficient to grant him constitutional standing as required by the case law of this court and the Supreme Court of the United States.

---

[2] In a separate case brought before the District Court of Guam, P.L. 35-002 was found to be inorganic. Order Declaring Public Law 35-2 Unconstitutional at 3, *TakeCare Ins. Co. v. Birn*, No. 1:19-cv-00126, 2021 WL 2327051 (D. Guam Feb. 17, 2021) (No. 153). However, Leon-Guerrero's complaint pre-dated this decision, and the actions he complained of were not declared unlawful law at the time. The Government then suggested this appeal is moot, to which Leon-Guerrero replied in opposition. Appellees' Guam R. App. P. ("GRAP") 13(i) Letter (Feb. 3, 2022); Appellant's Resp. GRAP 13(i) Letter (Feb. 23, 2022). The Government then moved to dismiss on the same mootness basis; Leon-Guerrero opposed dismissal, arguing, *inter alia*, that this court should first determine standing. Mot. Dismiss (Apr. 7, 2022); Opp'n Mot. Dismiss at 10 (Apr. 18, 2022). We agree with Leon-Guerrero. We rule initially on standing and do not reach the merits of any mootness argument. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180, 189 (2000) (addressing standing before turning to mootness).

**[8]** On appeal, Leon-Guerrero argues that the trial court's reliance on *In re A.B. Won Pat* in dismissing his Complaint was in error. First, Leon-Guerrero argues there is no minimum constitutional standing requirement mandated by the Organic Act. Appellant's Br. at 15 (Nov. 27, 2020). Leon-Guerrero asserts that the constitutional standing requirement as described in *In re A.B. Won Pat* is a "prudential," non-mandatory restriction that may be overridden by the Guam Legislature which, Leon-Guerrero argues, dictates what causes of actions the courts of Guam must hear. *Id.* at 15-16. Leon-Guerrero asserts that the Guam Legislature provided a cause of action under the Taxpayer Statute and, in doing so, removed any standing requirement to show a particularized injury. *Id.* at 16. Second, Leon-Guerrero asserts that the trial court erred in dismissing his Complaint because he claims he met the requirements to bring the cause of action under the Taxpayer Statute. *Id.* at 16-18. We address these arguments in turn, finding first that this court requires constitutional standing, which the Taxpayer Statute can provide, and second that the trial court erred in dismissing Leon-Guerrero's Complaint for lack of standing, but that it must nonetheless be dismissed for improper causes of action.

**A. The Trial Court Did Not Err in Applying the Constitutional Standing Requirement Clarified in *In re A.B. Won Pat***

**1. The constitutional standing requirement as announced in *In re A.B. Won Pat* is good law**

**[9]** Leon-Guerrero asserts that the trial court's reliance on *In re A.B. Won Pat* was in error because the constitutional standing requirement announced in that case conflicts with the Organic Act, prior precedent, and other local laws. Appellant's Br. at 18-23. We disagree and affirm the constitutional standing requirement under the principle of *stare decisis* as announced in *In re A.B. Won Pat*.

**[10]** We affirmed in *In re A.B. Won Pat* that "[c]onstitutional standing is a necessary prerequisite to pursuing relief in *all* cases filed in the courts of Guam, and the legislature cannot

remove the requirement of constitutional standing by statute." *In re A.B. Won Pat*, 2019 Guam 6 ¶ 19. We explained this constitutional standing requirement with a comparison to the constitutional standing limitations placed upon federal courts.[3] *Id.* Particularly, we underscored that, as under Article III of the United States Constitution, "injury in fact is a necessary prerequisite to all suits filed in our courts." *Id.* ¶ 22. We upheld this standing requirement in *Hemlani v. Melwani*, 2021 Guam 26 ¶¶ 22-23.

[11] Leon-Guerrero asserts that the constitutional standing requirement put forward in *In re A.B. Won Pat* is unworkable with the Taxpayer Statute. *See* Appellant's Reply Br. at 11-14 (Feb. 26, 2021). Leon-Guerrero also argues that the constitutional standing requirement contradicts a "legislative command" and lacks a constitutional or organic basis. *Id.* at 14. We reject Leon-Guerrero's assertion that the constitutional standing requirements render the Taxpayer Statute unworkable for the reasons discussed below. We also decline to assess the effects of the constitutional standing requirements on laws not at issue here.

[12] Leon-Guerrero argues against the application of *stare decisis*, asserting that the pronouncement in *In re A.B. Won Pat* that the legislature may not remove the requirement of constitutional standing by statute is incorrect because such a holding "invalidates several laws without setting forth the reasons the laws are invalid." Reply Br. at 13. *Stare decisis* is critical to our legal system.

> [P]rior applicable precedent usually must be followed even though the case, if considered anew, might be decided differently by the current justices. This policy, known as the doctrine of stare decisis, is based on the assumption that certainty, predictability and stability in the law are the major objectives of the legal system .
> . . .

---

[3] "Injury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *In re A.B. Won Pat*, 2019 Guam 6 ¶ 19 (alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). "Rather, 'Article III standing requires a concrete injury even in the context of a statutory violation.'" *Id.* ¶ 20 (quoting *Spokeo, Inc.*, 578 U.S. at 341).

*People v. Ramey*, 2019 Guam 11 ¶ 17 (quoting *Duenas v. Brady*, 2008 Guam 27 ¶ 17 n.4). *Stare decisis* is also a flexible policy "which permits this court to reconsider, and ultimately to depart from, our own prior precedent in an appropriate case." *Duenas*, 2008 Guam 27 ¶ 17 n.4 (quoting *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 758 P.2d 58, 63 (Cal. 1988) (in bank)). We do not find this case appropriate for departure from our prior precedent and affirm that the constitutional standing requirement as defined in *In re A.B. Won Pat* remains good law.

### 2. The Taxpayer Statute provides a statutory basis for finding a concrete injury

[13]    Leon-Guerrero argues that imposing a constitutional standing requirement endangers the Taxpayer Statute. Appellant's Br. at 21-23. We disagree. We find that the Taxpayer Statute provides a concrete injury in fact when the requirements of the statute are satisfied.

[14]    Previously, we have recognized that under the doctrine of "'statutory standing'" the legislature may "impart a judicially-cognizable injury . . . [that] would otherwise have been too abstract under a constitutional-standing inquiry." *In re A.B. Won Pat*, 2019 Guam 6 ¶ 20 (citing *Guam Mem'l Hosp. Auth.*, 2012 Guam 17 ¶ 22) (requiring party standing as jurisdictional prerequisite). Within the constitutional-standing requirements of injury in fact, causality, and redressability, "the legislature may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* ¶ 20 (alteration in original) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 578 (1992)). Further, we recognized that "[p]ublic records and open government laws are both common examples of statutes conferring sufficient injury to satisfy the injury-in-fact component of a constitutional-standing analysis." *Id.* ¶ 24.

[15]    Here, we recognize that the Taxpayer Statute also provides such a concrete injury in fact. It requires that the plaintiff be a taxpayer and resident of Guam, and that he sue an officer, agent, contractor, or employee of the Executive Branch of Guam to enjoin that person from "expending

money without proper appropriation, without proper authority, illegally, or contrary to law." 5
GCA § 7103. The statute purely enables that taxpayer to enjoin an individual and to obtain a
personal judgment against such individual for the return of improperly expended money; it does
not address the propriety of other legislation. *See id.* Today, we recognize that failure to state a
concrete injury in fact does not necessarily preclude constitutional standing under the Taxpayer
Statute; a taxpayer could assert a judicially-cognizable injury when meeting the statute's
requirements. We need not address Leon-Guerrero's assertions about other local laws he believes
are endangered by the constitutional standing requirement, as these other laws are not at issue in
this appeal.[4]

**B. The Trial Court Erred in Dismissing the Complaint on the Basis that the Taxpayer Statute Cannot Abolish the Requirement that a Plaintiff Suffer a Concrete Injury, But Leon-Guerrero's Causes of Actions Warranted Dismissal on Other Grounds**

**1. Relying on the Taxpayer Statute did not preclude Leon-Guerrero from having standing**

[16]     Under the Taxpayer Statute:

> Any taxpayer who is a resident of Guam shall have standing to sue the government of Guam and any officer, agent, contractor, or employee of the Executive Branch of the government of Guam for the purpose of enjoining any officer, agent, contractor, or employee of the Executive Branch of the government of Guam from expending money without proper appropriation, without proper authority, illegally, or contrary to law, and to obtain a personal judgment in the courts of Guam against such officers, agents, contractors, or employees of the government of Guam and in favor of the Government of Guam for the return to the Government of Guam of any money which has been expended without proper appropriation, without proper authority, illegally, or contrary to law.

5 GCA § 7103. Leon-Guerrero argues that his Complaint should be "analyzed for standing or
sufficiency of his claim" by the trial court under the Taxpayer Statute. Appellant's Br. at 27. He
argues that only if a litigant failed to meet the requirements of the Taxpayer Statute or failed to

---

[4] Leon-Guerrero argues, on appeal, that a constitutional standing requirement also undermines the Sunshine Reform Act and the Open Government Act. Appellant's Br. at 21-23.

allege a cause of action, would a dismissal be warranted. *Id.* We agree. The trial court erred in dismissing Leon-Guerrero's Complaint for lack of standing on the basis that the Taxpayer Statute is not sufficient to grant him constitutional standing. Leon-Guerrero was eligible for standing if he successfully pleaded in his Complaint that he was a resident and a taxpayer, and if he sought to enjoin an allegedly illegal expenditure committed by an Executive Branch officer or to recover money. *Cf.* RA, tab 1 at 1, 2 (V. Compl. Inj. & Decl. Relief) (bringing instead a suit to enjoin a hypothetical waste of funds by declaring P.L. 35-002 illegal).

[17]    We have also held that "[a]bsent clear legislative intent to the contrary, the plain meaning prevails." *People v. Cruz*, 2021 Guam 10 ¶ 12 (quoting *Sumitomo Constr., Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17). The Taxpayer Statute was intended to allow persons other than the Attorney General of Guam to bring actions in the Superior Court where there has been illegal spending by a government official, specifically a member of the Executive Branch. *See* 5 GCA § 7101.[5]

[18]    In the Complaint, Leon-Guerrero pleads the first two basic standing requirements mandated in the Taxpayer Statute, declaring that he is a resident of Guam and alluding to his taxpayer status.[6] Conceivably, Leon-Guerrero could have had statutory standing under the

---

[5] Title 5 GCA § 7101 contains the Taxpayer Statute's legislative intent and reads:

> It is the intent of the Legislature that the government of Guam practice fiscal responsibility, and that the persons who spend the taxpayer's money follow the mandates of law in expending government funds. Historically, there have been many instances of government officials in the government of Guam spending and obligating money without appropriation or contrary to law. Since the Attorney General is the only officer empowered to bring court actions to control such illegal spending and the only officer who can represent the government in recovering such money, and since the Attorney General is an appointed member of the Governor's cabinet, laws relating to improper spending of funds by the Executive Branch have generally not been enforced, and in some instances been openly ignored.

[6] Leon-Guerrero does not explicitly state in his Complaint that he is a taxpayer of Guam. Still, he states that the effect of P.L. 35-002 "has and will irreparably harm Mr. Leon-Guerrero and, . . . will result in increased costs for all taxpayers." RA, tab 1 at 2 (V. Compl. Inj. & Decl. Relief). He further argues that "Mr. Leon-Guerrero, as a taxpayer," should be able to bring a claim. Appellant's Br. at 2; *see also* RA, tab 20 at i (Opp'n Mot. Dismiss, Nov. 18, 2019) (captioning Plaintiff as "Joaquin V. Leon-Guerrero, individually and as a taxpayer"). This sufficiently establishes Leon-Guerrero's claim to be a taxpayer of Guam for standing analysis purposes under the Taxpayer Statute.

Taxpayer Statute, based on his allegations, if he implemented a proper cause of action seeking to enjoin an officer for spending unauthorized funds, or to recover those funds. In theory, the Taxpayer Statute could excuse Leon-Guerrero from establishing a concrete injury if he instead established a *de facto* injury by meeting the statute's requirement. However, he did not.

### 2. Leon-Guerrero's causes of actions did not comply with the Taxpayer Statute and warranted dismissal

[19]     Leon-Guerrero's Complaint asserted two causes of action; both were inappropriate and unauthorized by the Taxpayer Statute and warranted dismissal.

[20]     The Taxpayer Statute allows taxpayers to bring actions to challenge certain conduct and to obtain specific remedies. A resident taxpayer is authorized to sue

> for the purpose of *enjoining* any officer . . . of the Executive Branch of the government of Guam from expending money without proper appropriation, without proper authority, illegally, or contrary to law, and to obtain a *personal judgment* in the courts of Guam against such officers . . . and in favor of the Government of Guam *for the return to the Government of Guam of any money* which has been [so] expended . . . .

5 GCA § 7103 (emphases added). Thus, a resident taxpayer is authorized by the statute to challenge an unauthorized, illegal, or inappropriate expenditure made by or on behalf of the Executive Branch. That resident taxpayer is then authorized to enjoin that expenditure and to recover a personal judgment for the misspent funds on behalf of the Government of Guam.

[21]     Leon-Guerrero's first cause of action fails to identify an illegal or unauthorized expenditure made by an officer, agent, contractor, or employee of the Executive Branch, and it seeks a remedy which is not provided for in the Taxpayer Statute. First, Leon-Guerrero merely asserts that P.L. 35-002 is inorganic and that the Department of Administration's reliance on its criteria to administer the Proposal would amount to an illegal expenditure. Leon-Guerrero alleges that P.L. 35-002 allows GRMC, the private hospital, to dictate which insurance carriers may bid on the

Proposal. He alleges that this leads to a decrease in the number of bidders, lessens competitive bidding, and "increases the costs to the taxpayers of Guam." RA, tab 1 at 16 (V. Compl. Inj. & Decl. Relief). Leon-Guerrero neither identifies a specific expenditure attributable to the Executive Branch nor asserts that it was unauthorized; instead, he argues that P.L. 35-002 should not have been authorized. Second, Leon-Guerrero fails to identify an officer who illegally spent funds, instead arguing broadly that the "delegation of procurement authority is illegal and will drive up the cost of healthcare services to the Government, and Guam taxpayers." *Id.* at 15. Despite naming Director Birn as a defendant, the language of Leon-Guerrero's first cause of action accuses only "[t]he Legislature" of impermissible delegation. *Id.* at 14. Third, instead of an expenditure enjoinment or a personal judgment, Leon-Guerrero seeks a "judicial determination and declaration" that P.L. 35-002 is inorganic and void, and an injunction on the Proposal process until P.L. 35-002 is "clarified to provide a fair bidding process." *Id.* at 2, 16. The Taxpayer Statute did not create a cause of action which allows taxpayers to challenge and seek judicial determinations on the validity of legislative acts, but instead to hold the Executive Branch and its officers, agents, contractors, or employees accountable in spending taxpayer funds. *See* 5 GCA § 7103. Overall, the Complaint conspicuously fails to identify an illegal expenditure by the Executive Branch, fails to identify an officer who spent unauthorized funds, and seeks a declaration and preliminary injunction as opposed to an appropriate remedy. The Complaint makes clear that Leon-Guerrero is not using the Taxpayer Statute as the Legislature intended.

[22]     Leon-Guerrero's second cause of action similarly seeks a judicial determination and declaration that P.L. 35-002 is inorganic and void as it allows GRMC to act in an anti-competitive manner. Leon-Guerrero requests that the Proposal process be enjoined until P.L. 35-002 is clarified "to provide a fair bidding process that does not allow a private actor to engage in

anticompetitive conduct in the course of the Proposal." RA, tab 1 at 17-18 (V. Compl. Inj. & Decl. Relief). Again, Leon-Guerrero does not identify an illegal or unauthorized expenditure. The Department of Administration, in administering the Proposal process, was bound to follow the new requirements implemented under P.L. 35-002. As the Government notes, there is an unacceptable dilemma presented by forcing Executive Branch officers to choose to enforce the laws as passed and face a lawsuit or ignore the statute to avoid a lawsuit. *See* Appellees' Br. at 26-27 (Jan. 22, 2021). Additionally, Leon-Guerrero seeks to challenge the prudence of the Legislature's authorization of allegedly anti-competitive actions of a private party, not an expenditure by the Executive Branch. Further, Leon-Guerrero again seeks relief inappropriate and unavailable under the Taxpayer Statute—a judicial determination of and declaration on the organicity and legality of P.L. 35-002. The Taxpayer Statute does not provide for such relief. To hold otherwise would, as the Government states, "open legislation to generalized attacks in the courts" rather than address unlawful or unauthorized expenditures by the Executive Branch. Appellees' Br. at 24.

[23]    We hold compliance with the Taxpayer Statute confers sufficient injury to satisfy the injury-in-fact component of a constitutional-standing analysis. Therefore, we find that the trial court erred in dismissing Leon-Guerrero's Complaint on the basis that the Taxpayer Statute cannot abolish the requirement he suffer a concrete injury and is insufficient to grant him constitutional standing. Yet, on review of the Complaint, Leon-Guerrero's causes of action did not comply with the Taxpayer Statute and did not afford the type of relief he sought. Dismissal of the Complaint was thus warranted.

//

//

## V.  CONCLUSION

**[24]**    For these reasons, we **AFFIRM** the trial court's dismissal of the Complaint, on other grounds.


<table>
<tr><td>/s/</td><td>/s/</td></tr>
<tr><td>KATHERINE A. MARAMAN<br>Associate Justice</td><td>JOHN A. MANGLONA<br>Justice *Pro Tempore*</td></tr>
</table>

/s/
ROBERT J. TORRES
Presiding Justice